UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KENNETH R. KOAN, Sr.,

        Plaintiff,

v.

HEIDI E. WASHINGTON et al.,

        Defendants.
_____/

Case No. 1:18-cv-1066

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

    **I.**    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Michigan. Plaintiff sues MDOC Director Heidi E. Washington and Case Manager Kyle A. Williams.

In 1999, following a jury trial in Barry County Circuit Court, Petitioner was convicted of criminal sexual conduct with a person under the age of 13, Mich. Comp. Laws § 750.520b(1)(a). The offense was committed during 1995. On February 11, 1999, the trial court sentenced him to 60 to 120 years of imprisonment. He appealed his conviction and sentence to the Michigan Court of Appeals and then to the Michigan Supreme Court. The Michigan Court of Appeals affirmed the judgment of conviction and sentence on June 9, 2000, and the Michigan Supreme Court denied leave to appeal on November 29, 2000.

Plaintiff attaches to his complaint a series of documents that include calculations of his earliest release date. Plaintiff argues that the documents show improper changes to his sentence. One of those documents references an earliest release date of October 2018. To remedy the improper calculations, Plaintiff asks for the following relief:

> Get my 2018 out date back and order my rele[ase] with lots of money in my pocket. The exhibits will spe[a]k for [them]selves and I should be release[]d before the end of the year with at le[ast] 73.20 zillion in my pocket . . . . .

(Compl., ECF No. 1, PageID.4.)

Based on when Plaintiff committed his crime, he is eligible to earn disciplinary credits on his sentence. MDOC Policy Directive 03.01.101.[1] The calculation of such credits is complicated. "Out dates" may change.

The documents Plaintiff attaches to his complaint, however, are not the detailed calculations of his earliest release date, they are security classification screenings. He attaches several. Each identifies by month and year his earliest release date. Exhibit 2, for instance

---

[1] The evolution of sentence reduction credits (good time credits, special good time credits, disciplinary credits and special disciplinary credits) in Michigan is explained in *People v. Fleming*, 410 N.W.2d 266, 272 n.6 (Mich. 1987); *see also People v. Tyrpin*, 710 N.W.2d 260, 262 (Mich. Ct. App. 2005); *Taylor v. Lantagne*, 418 Fed.Appx. 408, 412 (6th Cir. 2011); Mich. Comp. Laws §§ 800.33 and 800.34.

2

discloses an earliest release date of August 2047.  (Security Classification Screen, ECF No. 1-1, PageID.9.)  Exhibit 3 shows an earliest release date of March 2018.  (Security Classification Screen, ECF No. 1-1, PageID.10.)  Exhibit 4, dated June 25, 2004, lists Plaintiff's earliest release date as October 2018.  (Security Classification Screen, ECF No. 1-1, PageID.11.)  Then, much to Plaintiff's chagrin, Exhibit 5, prepared by Kyle A. Williams, provides March 2048 as Plaintiff's earliest release date.  (Security Classification Screen, ECF No. 1-1, PageID.12.)  The earliest release date listed on the form is relevant to the determination of the prisoner's confinement level—the closer the release date, the lower the confinement level.

The MDOC policy directive regarding disciplinary credits indicates that a prisoner's parole board jurisdiction date, minimum, and maximum dates are calculated initially on the prisoner's basic information sheet, a document Plaintiff attaches as Exhibit 1.  (Basic Information Sheet, ECF No. 1-1, PageID.8.)  Plaintiff's Basic Information Sheet shows a first out date of July 15, 2047.  (*Id*.)  Thereafter, annually, the MDOC prepares a Time Review and Disposition form.  MDOC Policy Directive 03.01.101 ¶ G.  That is the MDOC's determination of the relevant dates for a prisoner who is eligible to earn disciplinary credits.  Plaintiff has not provided any of his Time Review & Disposition forms.

> II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To change the duration of a prisoner's incarceration would affect a liberty interest. No such interest could be taken without the protections of due process. Plaintiff's security classification screening documents, however, would not show that the MDOC has, in fact, changed the expected duration of Plaintiff's incarceration. The Time Review & Disposition documents

might.  Thus, there is nothing in Plaintiff's complaint—no allegations and no supporting documents—from which the Court might infer that Plaintiff has been deprived of a liberty interest without due process of law.

Even if Plaintiff timely presented allegations or documents that actually demonstrated that the MDOC had changed the duration of his confinement, Plaintiff's request for earlier release and damages is not properly brought under § 1983.  Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in a series of cases, including *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997).

The Sixth Circuit has explained the impact of *Preiser*, *Heck* and *Balisok* on § 1983 suits brought by prisoners as follows:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L. Ed. 2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983.  The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).  In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S. Ct. at 1584.

5

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).  Plaintiff's claims are barred by the doctrine developed in *Preiser*, *Heck*, and *Balisok*.  A claim dismissed because of that bar is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted.  *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

Accordingly, Plaintiff's complaint will be dismissed because it fails to state a claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).  It is Plaintiff's third such dismissal.  *See Koan v. Mich. Dep't of Corr.*, No. 4:05-cv-45 (W.D. Mich. May 10, 2005); *Koan v. Nagy*, No. 1:18-cv-446 (W.D. Mich. May 15, 2018).

A judgment consistent with this opinion will be entered.

Dated: October 1, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge